[702 NYS2d 857]

In the Matter of Thomas Keating, an Attorney, Resignor.

Second Department, February 7, 2000

### APPEARANCES OF COUNSEL

*Louis J. Profera,* Merrick, for resignor.

*Grace D. Moran,* Syosset (*Catherine A. Sheridan* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Thomas Keating has submitted an affidavit, dated October 21, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Keating was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 22, 1994.

Mr. Keating is the subject of a *sua sponte* investigation by the Grievance Committee resulting from notification from the Lawyers' Fund for Client Protection that a check drawn against his escrow account was returned for insufficient funds. Further investigation by the Grievance Committee revealed numerous escrow violations which are detailed in the proffered resignation.

Mr. Keating avers that he is aware of the Grievance Committee's ongoing investigation and of the charges which would be prosecuted in any disciplinary proceeding against him. These charges include the failure to maintain and preserve the following sums entrusted to him by the named individuals and company:

(1) $15,000 from Jenny A. McKevitt;

(2) $11,000 from Ronald DeLuca;

(3) $4,100 from Louis DeMeglia;

(4) $22,500 from Rosemarie Santiago;

(5) $10,000 from J&E Associates;

(6) $8,000 from Louis Mastrobuoni;

(7) $20,000 from Kevin Henderson;

(8) $1,125 from Suzanne Kaufman.

Mr. Keating avers that his resignation is freely and voluntarily tendered and that he has not been subject to coercion or duress. He has discussed his decision to resign, including the fact that he is barred by Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement for at least seven years, with his attorney and others whose advice and counsel he respects.

Mr. Keating acknowledges that he cannot successfully defend himself on the merits of any charges which have been initiated based on his professional misconduct. Mr. Keating's resignation is submitted subject to an application which may be made by the Grievance Committee to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Of the eight enumerated clients whose funds were not maintained and preserved, Mr. Keating has submitted proof that all but one of the clients have been made whole.

The Grievance Committee urges acceptance of the proffered resignation.

Mr. Keating's resignation comports with all appropriate Court rules and regulations. Therefore, it is accepted, Mr. Keating is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, S. MILLER and KRAUSMAN, JJ., concur.

Ordered that the resignation of Thomas Keating is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas Keating is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Thomas Keating shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas Keating is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.